## No. 9711
### Orleans Appeal

---

## HENRY J. KRUMMEL v. EXPORT TRANSFER CO., INC., Appellant

---

(June 22, 1925, Opinion and Decree.)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Negligence—Par. 25; Automobiles—Par. 7.**
   Where the evidence shows that the plaintiff was at fault in an automobile accident, he cannot recover damages suffered by him.
   (Civil Code, Art. 2315. Editor's note.)

Appeal from Civil District Court, Hon. Wm. H. Byrnes, Judge.

This is an automobile damage suit, the result of a collision between an automobile and a truck.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Gordon Boswell, Milo B. Williams, attorneys for plaintiff, appellee.

Janvier and Heller, attorneys for defendant, appellant.

CLAIBORNE, J. This is an automobile damage suit.

The plaintiff alleges that on November 7th, 1923, at 4:45 p. m. he was driving a Ford automobile up Tchoupitoulas street on the Lake side thereof just above its intersection with Poeyfarre street, that at the same time and place a large motor truck belonging to defendant and in charge of its employee, Ernest White, was being driven down Tchoupitoulas street, also on the Lake side of Tchoupitoulas street in the direction of Poeyfarre street; that plaintiff noticed said truck and believed that it

would swerve to its right or River side in order to. avoid plaintiff's car; but when the truck had approached plantiffs' car to within one hundred feet without changing its course, plaintiff noticed that the chauffeur was looking backwards, brought his car to a stop sounded his horn, and yelled to the chauffeur, but to no avail; the truck continued its course and collided head on with petitioner's car, shoving it back thirty feet to Poeyfarre street, and overturning it upon plaintiff, and then continued some one hundred feet before it. stopped; that plaintiff suffered severe injuries to his head, face, limbs and body; sprains of the left knee and back and the finger on the left hand; that plaintiffs' wearing apparel was cut and covered with blood, and his wedding ring was filed in two in order to remove it; that the collision was due entirely to the negligence of defendant's driver in driving at an excessive speed and to the left instead of to the right.

That plaintiff suffered the following damage. Loss of wages from November 7th, 1923 to Dec. 11th, 1923.

| | |
|---|---|
| 5 weeks at $40 | $   200.00 |
| Wearing apparel | 37.50 |
| Wedding ring | 5.00 |
| Physical injuries | 1,500.00 |
| Mental · anguish | 1,500.00 |
| ·Impairment of ring finger | 1,000.00 |
| | $4,242.50 |

The defendant admitted. the accident and that the truck belonged to it and was driven by its employee, Ernest White, in the course of his employment; but denied that its chauffeur was looking backwards or was driving on his left side; it averred that the plaintiff suddenly drove his car out of Poeyfarre street and turned up Tchoupitoulas. street, and in so doing ran his car into the left rear wheel of defendant's truck without noticing its approach.

There was judgment in favor of plaintiff for $600 and new trial was refused..

Defendant has appealed.

The issues therefore are:

1st   Was the defendant's truck being driven on the right or the left side . of Tchoupitoulas street?

2nd   Did it strike the plaintiff's car while the latter was stopped and where?

3rd   Did plaintiff suddenly drive out Poeyfarre street and up Tchoupitoulas street and strike defendant's car?

It is evident that if the point of impact was the plaintiff's left front wheel and defendant's left rear wheel, that damage must have been done to the defendant's left rear wheel.

A careful ·reading of the record leads us to the conclusion that the preponderance of the testimony establishes the following facts:

Upon the Lake side of Tchoupitoulas street, some feet above Poeyfarre street, there was standing a cooperage wagon with wide lateral wings extending beyond the body of the wagon and other cars.

The defendant's transfer truck was coming down Tchoupitoulas street some where about the middle of the street. It could not have been traveling upon the left side of the street, presumably because that was the wrong side, and conclusively, because if it had been so driving, it would have struck the wagon before it struck the plaintiff's car.

The plaintiff was driving his car out Poeyfarre street in the direction of Tchoupitoulas street. When he reached Tchoupitoulas street he turned to the right up Tchoupitoulas street. Under ordinary circumstances he should have made a short turn to the right; but he could not do that owing to the presence of the wide cooperage wagon and other vehicles. He

therefore must have described a wider circle in the middle of Tchoupitoulas street. He and the driver of the truck saw each other too late to stop. Hence the collision. The car with its left front wheel struck the left rear part of the truck. The truck being heavier shoved the car back towards Poeyfarre street and finally upset it.

The uncontradicted testimony is that the truck was not injured in front, but that there was evidence of a collision upon the rear left wheel.

Our conclusions are that plaintiff was at fault.

It is therefore ordered that the judgment herein be reversed and set aside; and it is now ordered that there be judgment in favor of defendant rejecting plaintiff's demand at his cost in both courts.

Judgment reversed.